# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

THOMAS LEE JONES,

    Plaintiff,

v.

MISSION INC., et al.,

    Defendants.

Case No. 2:04-CV-0067-KJD-GWF

**ORDER**

Currently before the Court is Plaintiff Thomas Lee Jones's Motion for Summary Judgment and Evidence Discovery filed May 7, 2007 (#51), and Plaintiff's Second Motion for Summary Judgment and for Evidence Discovery (#52), filed November 13, 2007.

**I. Background**

On January 29, 2007, the Court issued an Order Dismissing this case (#50) pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the court's rules and/or orders to prosecute the action. Previously, the Court issued an Order (#47), requiring the parties to file a joint pretrial order by January 12, 2007, as required by LR 26-1(e)(5). The parties failed to comply with said Order. Subsequently, the Court issued another Order (#49), directing the parties to file a joint pretrial order in compliance with LR 16-3 and LR 16-4 by January 22, 2007. The Court warned the parties that failure to comply with the Order would result in sanctions including dismissal pursuant to Fed. R. Civ. P. 4(b). Once again, the parties failed to comply with said Order, and the case was subsequently dismissed without prejudice on January 29, 2007.

**II. Discussion**

Plaintiff's first Motion for Summary Judgment (#51) was filed May 7, 2007, more than four months after this action was dismissed, and more than five months after the Court ordered the parties

to file a joint pretrial order. Plaintiff's Second Motion for Summary Judgment was filed November 13, 2007, more than ten months after the action was dismissed, and eleven months after being ordered to file a joint pretrial order.

Upon examination of Plaintiff's Motions, the Court finds that both Motions fail to address the Court's dismissal of this action, but instead allege generally, that Defendants have failed to give evidence, that the Court showed prejudice, that the Court "clearly misunderstood the law", and "made a bias decision with prejudice". The Motions also allege that Plaintiff has new evidence from various governmental agencies, and seek payment for Plaintiff's alleged pain and suffering. Upon review of the Motions, the Court finds them insufficient to constitute successful Motions for Relief from Judgment under Fed. R. Civ. P. 60, or successful Motions for Summary Judgment.

Rule 60 of the Federal Rules of Civil Procedure provides a means for a party seeking relief from a judgment or order. According to Rule 60(b), a party may submit a motion for the court to relieve the party, or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated . . . or (6) any other reason that justifies relief.

Here, Plaintiff's instant Motions do not seek relief from the Court's Order of January 29, 2007, nor do the Motions allege the existence of any of the above listed reasons and/or circumstances for relief from the Court's Order of Dismissal in January 2007. Moreover, Plaintiff has proffered no excuse or explanation for his failure to comply with the Court's previous Orders, his delay in filing the current Motions, or any other reason justifying relief pursuant to Rule 60.

Furthermore, summary judgment may be granted only if the moving party can demonstrate that the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).  Here, even if the Court were to consider Plaintiff's Summary Judgment Motions on their merits, said Motions could not be granted, as Plaintiff has failed to demonstrate the absence of a genuine issue of material fact.

### III. Conclusion

Therefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment and Evidence Discovery (#51), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion for Summary Judgment and for Evidence Discovery (#52), is **DENIED**.

DATED this 12th day of February, 2008.

_____
Kent J. Dawson
United States District Judge